IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARCUS INGRAM, et al.,

    Plaintiffs,

      v.

HICKORY PARK APARTMENTS, LLC
d/b/a Freedom Park Apartments, LLC,
et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:25-CV-5932-TWT

## OPINION AND ORDER

This is a personal injury action. It is before the Court on Defendant Radiant's Motion to Dismiss [Doc. 3], Defendant Radiant's Motion to Stay Discovery [Doc. 6], and Plaintiffs' Motion to Remand [Doc. 8]. For the following reasons, Plaintiffs' Motion to Remand [Doc. 8] is DENIED and Defendant Radiant's Motion to Dismiss [Doc. 3] is GRANTED. Plaintiffs' Motion to Stay Discovery [Doc. 6] is DENIED as moot.

## I.  Background[1]

Jarius Gibson and Marcus Ingram ("Plaintiffs") filed the Complaint in state court against Defendants. (Compl., [Doc. 1]). Defendants in this action are Hickory Park Apartments, LLC d/b/a Freedom Park Apartments ("Freedom Park Apartments"), LLC, Hickory Park Apartments, LTD ("Hickory

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

Park"), Trinity Property Consultants ("Trinity"), LLC, Denardlo T. Fendall ("Fendall"), Radiant Property Management, LLC ("Radiant"), Garver Asset Protection ("Garver"), LLC, John Doe 1, and John Doe 2 (all "Defendants"). (*Id.* ¶¶ 10–17). Defendant Radiant successfully removed the action based on diversity jurisdiction to federal court. (*See* generally *id.*). Plaintiffs assert claims for negligent security (Count One) (*Id.* ¶¶ 27–43) and maintaining a nuisance (Count Two) (*Id.* ¶¶ 44–54) against Defendants Freedom Park Apartments, Hickory Park, Trinity, Fendall, Radiant, and Garver. Plaintiffs assert claims of assault (Count Three) (*Id.* ¶¶ 55–60) and battery (Count Four) (*Id.* ¶¶ 61–63) against John Doe 1 and John Doe 2. Radiant filed its motion to dismiss for failure to state a claim under Rule 12(b)(6) on October 23, 2025. (Mot. to Dismiss, [Doc. 3]). Defendants Radiant and Garver filed a motion to stay discovery proceedings pending the dismissal motion on November 11, 2025. (Defs.' Mot. to Stay Proceedings, [Doc. 6]). Plaintiffs opposed the dismissal on November 12, 2025[2]. (Pl.'s Resp. to Mot. to Dismiss, [Doc. 9]). Simultaneously, Plaintiffs filed a motion for remand to state court based on

---

[2] The Court's Local Rules state that "any party opposing a motion shall serve the party's response…not later than fourteen (14) days after service of the motion…" N.D. Ga. LR 7.1(B). Plaintiffs filed their response opposing the motion twenty days after removal was filed. (*See generally* Pl.'s Resp. to Mot. to Dismiss, [Doc. 9]). As the response brief fails to conform to this rule and did not seek the Court's leave to file later, the Court exercises its discretion to decline to consider Plaintiffs' response brief. The Court will consider Radiant's motion to dismiss unopposed. *See* N.D. Ga. LR 7.1(F).

2

Defendant Fendall's residency not meeting diversity jurisdiction requirements. (Pls.' Mot. to Remand, [Doc. 8]). Radiant filed its opposition response on November 26, 2025. (Resp. to Pls.' Mot. to Remand, [Doc. 10]).

On October 11, 2021, Plaintiffs were visiting a family friend at Freedom Park Apartments located at 4900 Delano Road, Atlanta, Georgia 30349 (the "Premises"). (Compl., ¶ 8, 24). Suddenly and without warning, a group of unknown assailants started shooting into the crowd of people. (*Id.* ¶¶ 23–24). Plaintiffs sustained serious injuries and were immediately transported to Grady Hospital for medical treatment. (*Id.* ¶ 25). Plaintiffs allege that the Defendants either owned, operated, controlled and/or managed the Premises. (*Id.* ¶ 21). Plaintiffs allege they became innocent victims as a direct result of Defendants' negligent and intentional conduct (*Id.* ¶¶ 25–26) and are seeking general damages and punitive damages. (*Id.* ¶¶ 64–65, 68, 69–70). Both Plaintiffs also individually alleged special damages related to medical treatment. (*Id.* ¶¶ 66–67).

## II.  Legal Standards

### A.  Motion to Remand

Federal courts are courts of limited jurisdiction; they may only hear cases that the Constitution and the Congress of the United States have authorized them to hear. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally brought in state court may be

removed by a defendant to federal court when the action satisfies the constitutional and statutory requirements for original federal jurisdiction. *See* 28 U.S.C. § 1441. Because of the limited authority of federal courts, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Where no federal question exists, diversity jurisdiction can be invoked where there is complete diversity among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

### B. Motion to Dismiss

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, S.A., 711 F.2d 989, 994–95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d

4

247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III. Discussion

### A. Motion to Remand

Plaintiffs argue this action should be remanded because Defendant Fendall is a Georgia resident, and thus, the case was improperly removed. (Pls.' Mot. to Remand, at 3). Defendant Radiant argues the motion for remand should be denied because Fendall was fraudulently joined. (Def. Radiant's Resp. to Pls.' Mot. to Remand, at 2–3). The argument for fraudulent joinder is that the Court lacks diversity jurisdiction because 1) the complaint lacks support for allegations of Fendall's involvement and 2) Fendall has not been properly served with process. (*Id.*).

Federal diversity jurisdiction exists when a matter in controversy exceeds $75,000 and there is complete diversity among the parties. 28 U.S.C. § 1332(a). "[F]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Beasley Forest Prods.,*

*Inc. v. N. Clearing, Inc.*, 515 F. Supp. 3d 1367, 1373 (S.D. Ga. 2021). "The vast majority of fraudulent joinder decisions involve a defendant alleging that a non-diverse defendant was fraudulently joined to defeat complete diversity." *Hodach v. Caremark RX, Inc.*, 374 F. Supp. 2d 1222, 1224 (N.D. Ga. 2005). "The removing party has the burden of proving fraudulent joinder." *Id.* at 1225. When determining whether to remand, courts "evaluate the factual allegations in the light most favorable to [p]laintiffs and must resolve any uncertainties about state substantive law in favor of [p]laintiffs." *Id.* A federal court must find joinder proper and remand if there is even a possibility a state court would allow the claims against the resident defendant. *See id.* This is a lax standard for legitimate joinder as a plaintiff only needs to present a possibility of a valid cause of action and not a complete "winning case against the allegedly fraudulent defendant." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011). Under Georgia law, notice pleading requires fair notice to be given with short and plain statements, naming the claims' elements plainly and succinctly. *See id.* at 1334.

Here, Radiant argued Fendall was fraudulently joined to prevent complete diversity jurisdiction. (Def. Radiant's Resp. to Pl.'s Mot. to Remand, at 2). Fendall is asserted to be a Georgia resident (Compl., ¶ 13) who breached the duty owed to Plaintiffs (*Id.* ¶ 28) by negligently maintaining, securing, inspecting, patrolling, and managing the Premises (*Id.* ¶ 29) based on Fendall's

6

actual and constructive knowledge of security measures and the criminal activity existing in and surrounding the Premises. (*Id.* ¶¶ 30–31). "[A]t a minimum, notice pleading requires that a complaint contain inferential allegations . . . to identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 684 (11th Cir. 2001). Plaintiffs have failed to give Fendall notice in short and plain statements about the particulars of his conduct that they allege constituted negligent security or maintaining a nuisance; the claim elements have remained abstract.

Further, lack of notice is apparent from the absence of evidence as to Fendall's service of process. Georgia law dictates courts only possess jurisdiction over a defendant after the service of process; a person named in the record as a party is not in fact a party unless he has been duly brought in by legal process or voluntarily appeared and submitted himself to the court's jurisdiction. *See Hilton v. Maddox, Bishop, Hayton Frame & Trim Contractors, Inc.,* 125 Ga. App. 423, 426 (1972). When a case is removed to a federal court, the period for service begins again, starting at the date of removal. 28 U.S.C. § 1448; *see also Gardner v. TBO Capital LLC*, 986 F. Supp. 2d 1324, 1331 (N.D. Ga. 2013). This case was removed on October 16, 2025. (*See generally* Compl.). Failure to serve a defendant in time will result in that defendant's dismissal without prejudice, absent the plaintiff's showing of good cause for failure to

7

timely serve. *See Gardner*, 986 F. Supp. 2d at 1331; *see also* Fed. R. Civ. P. 4(m). The deadline to serve Fendall was 120 days later on February 13, 2026. *See Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). There is no record Fendall was served pursuant to Fed. R. Civ. P. 4(e). (Compl., at 27–151). Nor is there evidence Fendall waived service pursuant to Fed. R. Civ. P. 4(d)(1). (*Id.*). Plaintiffs have not shown good cause. *See Lepone-Dempsey*, 476 F.3d at 1281 (good cause exists when outside factors prevent service such as reliance on faulty advice, but inadvertence or negligence is not good cause). Because Defendant Fendall was not properly served within the proper time frame, the Court will exercise its discretion and dismiss Fendall. *See Gardner*, 986 F. Supp. 2d at 1331. With Fendall dismissed, complete diversity exists for the other remaining defendants. *See* 28 U.S.C. § 1332(a). The Court will therefore deny the motion to remand.

### B. Motion to Dismiss

#### 1. Count One: Negligent Security

Defendant Radiant argues Plaintiffs' complaint does not allege facts establishing foreseeability or causation for negligent security claims. (Mot. to Dismiss, at 5–9). Generally, to recover on a premises liability claim arising from third-party criminal conduct, a plaintiff must present evidence of a duty, breach of that duty, causation, and damages. *See Ga. CVS Pharmacy, LLC v. Carmichael*, 316 Ga. 718, 722 (2023). Under Georgia law, a proprietor owes

invitees a duty "to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1. While the proprietor is required to exercise ordinary care to protect the invitee from unreasonable risks that he has knowledge of, "he is not an insurer of an invitee's safety." *Carmichael*, 316 Ga. at 721. When "an invitee is injured by a third party's intervening criminal act, the proprietor is generally insulated from liability" except when "the proprietor had sufficient reason to anticipate such criminal conduct." *Id.* "Reasonable foreseeability of third-party criminal conduct is properly considered as part of a proprietor's duty to exercise ordinary care in keeping the premises safe under O.C.G.A. § 51-3-1." *Id.* at 721–22.

Foreseeability is the key for the courts in evaluating whether the duty of ordinary care encompasses protecting invitees from third-party criminal conduct. *Carmichael*, 316 Ga. at 722. The factfinder, usually the jury, must evaluate certain factual circumstances for the foreseeability determination such as: 1) if any crimes previously occurred on or near the premises, 2) the nature of the crimes, 3) where and when the crimes happened, 4) what information the proprietor knew about the crimes, and 5) whether the information gave the proprietor reason to anticipate the current harm that occurred. *See id.* at 724–25. The determination is made on a case-by-case basis and the prior criminal activity must be substantially similar to the criminal conduct presently in question; the closer the scenarios are, the better and

9

stronger reason a proprietor has to anticipate the particular criminal act would happen on the premises. *See id.* at 727–28.

Construing the following facts most favorable to the Plaintiffs, criminal conduct by a third party was alleged (Compl., ¶ 23), but the Plaintiffs did not allege factual circumstances demonstrating foreseeability such as crimes at or near the premises, the nature of such crimes, where and when the crimes happened, what information Radiant knew about the crimes, and if that information was a reason to anticipate the shooting at issue here. There are no allegations that Radiant had information that would cause it to anticipate a criminal act would re-occur. For that reason, the duty element of the negligent security claim fails. As the duty element has not adequately been alleged, the Court declines to reach the causation element and will dismiss the negligent security claim.

### 2. Count Two: Maintaining a Nuisance Based on a Shotgun Pleading

Defendant Radiant addresses the nuisance claim in alleging the entire complaint is a shotgun complaint (Mot. to Dismiss, at 9). "The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). The plaintiff bears the burden to

draft a rule-complaint complaint. *See Ates v. Gov't Emp. Ins. Co., Inc.*, 2024 WL 4583192 at *2 (M.D. Ga. Oct. 25, 2024). When a pleading does not follow short and plain statements and does not allow the court to draw reasonable inference that the defendant is liable for the misconduct alleged, a district court must intervene to order a repleading or order dismissal. *See Hirsch v. Ensurety Ventures, LLC*, 805 Fed. Appx. 987, 991 (11th Cir. 2020).

For count one, Plaintiffs re-allege "the allegations contained in paragraphs 1 through 26 above" for all Defendants, without explaining which Defendants were responsible for the breach of duty. (Compl., ¶¶ 27–43). For count two, Plaintiffs "re-allege the allegations contained in paragraphs 1 through 43 above" for all Defendants, without explanation as to who or how the nuisance was perpetuated. (*Id.* ¶¶ 44–54). The complaint currently requires the reader to parse through the general factual allegations and the Defendants' relationships and duties to decipher which individual Defendant's conduct applies to each count. This is not the burden of the Court. *See Hirsch*, 805 Fed. Appx. at 991 (finding the district court did not err in granting dismissal when the shotgun complaint required parsing through general fact allegations). This shotgun pleading does not meet Fed. R. Civ. P. 8(a)(2)'s standards as a short and plain statement of the claims, and the Court will dismiss on this ground.[3]

---

[3] In their Response to the Motion to Dismiss, the Plaintiffs requested

### 3. Count Three: Damages and Punitive Damages

Lastly, Defendant Radiant argues both "Damages" counts are conclusory and with no actual injuries identified or described how Radiant proximately caused them. (Mot. to Dismiss, at 10). The complaint seeks special and general damages (Compl., ¶¶ 64–68) and punitive damages with attorney's fees. (*Id.* ¶¶ 69–70). General damages are presumed to flow from a tortious act and awarded without proof of any specific amount to compensate the plaintiff for injury. *See Alexander v. Holmes*, 85 Ga. App. 124, 126 (1951). As negligent security and nuisance claims have been dismissed, there is no tort to base the general damages claim on. Under Georgia law, special damages actually flow from the tortious act and require proof to be recovered. *See* O.C.G.A. § 51-12-2(b); *see also Bibb Cnty. v. Ham*, 110 Ga. 340 (1900). Plaintiffs made a conclusory special damages list but did not allege any proof of the damages. (Compl. ¶¶ 29–151). Georgia law requires punitive damages be awarded when tort actions were proven to show "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifferent to consequences." O.C.G.A. § 51-12-5.1(b).

---

leave to amend their Complaint. This is not the proper way to request leave to amend. At a minimum, the Plaintiffs must file a motion and submit a proposed Amended Complaint to demonstrate how they propose to overcome the Defendant's argument that the initial complaint failed to state a claim against it. *Advance Tr. & Life Escrow Servs., LTA v. Protective Life Ins. Co.*, 93 F.4th 1315, 1336 (11th Cir. 2024).

Plaintiffs have failed to allege willful misconduct, malice, or fraud as to any of the allegations against the Defendants. (*See* generally Compl.) Finally, the attorney's fees sought under O.C.G.A. § 13-6-11 apply to damages of contract litigation. However, Plaintiffs have not alleged that contract damages are appropriate here. (*Id.*). Therefore,the Court will dismiss Radiant on all claims related to damages and punitive damages.

## IV. Conclusion

For the reasons stated above, Plaintiffs' Motion to Remand [Doc. 8] is DENIED. Defendant Radiant's Motion to Dismiss [Doc. 3] is GRANTED. The Court also exercises its discretion to dismiss Defendant Denardlo T. Fendall. The other properly served Defendants remain as to all counts. Defendant Radiant's Motion to Stay Discovery [Doc. 6] is DENIED as moot.

SO ORDERED, this ___22nd___ day of June, 2026.

THOMAS W. THRASH, JR.
United States District Judge

13